MICHAEL G. O'NEILL
(MO3957)
Attorney for Plaintiff
30 Vesey Street, Third Floor
New York, New York 10007
(212) 581-0990

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Towanda Velez, as personal representative of the
estate of Anthony Velez, deceased,

        **Plaintiff,**

    - against -

City of New York, Rudolph Hall, Michael Ruggiero,
and J. Does 1-8,

        **Defendants.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

]
]
]
]  04 CV
]
]
]
]  <u>Complaint and Demand</u>
]  <u>for Jury Trial</u>
]
]
]
]
]

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 29 2004 ★

BROOKLYN OFFICE

GERSHON. J

GO. M.J

    Plaintiff, by her attorney, Michael G. O'Neill, states for complaint against the

defendant as follows:

    1.    The Court has jurisdiction under 28 U.S.C. §1331, 28 U.S.C. §1343,

and 42 U.S.C. §1983, in that this is an action arising out of the deprivation under color

of statute, ordinance, regulation, custom or usage of rights, privileges, and immunities

secured to plaintiff by the Constitution of the United States of America. Plaintiff also

claims the Court's pendent jurisdiction of state law claims under 28 U.S.C. §1367.

    2.    The state law claims set forth herein were presented to the City in a

notice of claim and more than 30 days have elapsed, or will have elapsed, and

adjustment or payment thereof has been neglected or refused.

    3.    Venue is properly laid within the Eastern District of New York under

28 U.S.C. §1391(a) in that one or more defendants are residents of the Eastern District

of New York and a substantial part of the events or omissions giving rise to the claims occurred within the Southern District of New York.

4.        Plaintiff a resident of the State of New York.

5.        Defendant City of New York (the "City") is a municipal corporation organized under the laws of the State of New York.

6.        Defendant Rudolph Hall ("Hall") was at all relevant times employed by the City as a member of its police department (the "NYPD").

7.        Defendant Michael Ruggiero ("Ruggiero") was at all relevant times employed by the City as a member of the NYPD.

8.        Defendants J. Does 1-8 (the "Does") were at all relevant times employed by the City as members of the NYPD.  The exact number of Doe defendants is presently unknown to the plaintiff.

9.        Plaintiff's decedent, Anthony Velez, was or had been a confidential informant of the NYPD.

10.        Hall was decedent's principal contact with the NYPD.

11.        At a time and place currently unknown to plaintiff, decedent informed Hall" that there were drugs and/or weapons located at an apartment on the fifth floor of 24 Mother Gaston Boulevard, Brooklyn New York.

12.     Upon information and belief, Hall acted upon the above information by deciding to respond to the above location with Ruggiero and the Does on February 22, 2004, shortly after midnight.

13.     Hall did not obtain a search warrant for the apartment in question.

14.     Just as Hall, Ruggiero and the Does were arriving on the scene, plaintiff's decedent was leaving the aforementioned apartment.  Upon information and belief, plaintiff's decedent did not know that Hall would be responding to the apartment at that time.

15.     Decedent was detained in the hallway just outside the apartment while the police knocked on the apartment door.

16.     Hall and the other members of the NYPD requested permission from the occupants of the apartment to search the premises, stating they had a "tip" concerning drugs and guns.  The occupants consented.  As a result of the search, the police recovered some drugs and a gun, and the occupants of the apartment were arrested.

17.     Upon information and belief, during the search Ruggiero identified decedent as the source of the tip.

18.     Plaintiff's decedent was neither arrested nor given any type of protection by the police.  Approximately an hour and a half later, plaintiff's decedent was hunted down and shot on the street outside the aforementioned apartment building.  Shortly thereafter, he succumbed to his wounds.

19.        Upon information and belief, the killer of plaintiff's decedent was an occupant of the apartment that had been searched by Hall, Ruggiero and the Does, or a close associate of an occupant of that apartment.

### Claim One

20.        The City actively promotes a confidential informant program in order to recruit and encourage individuals with information concerning criminal activity to report the same to the NYPD.

21.        In criminal society, an informant is utterly despised and any informant whose identity becomes known to the subjects of his information or their accomplices is at grave risk of imminent physical harm, including death.  This fact is well known to the NYPD.

22.        Through its confidential informant program, the City creates the danger of criminal retribution for individuals participating in the program as informants. In addition, confidential informants are in a special relationship with the City in that, if that relationship is discovered, it could result in a threat to the life of the informant.

23.        Policymakers at the NYPD know to a moral certainty that members of the NYPD will confront situations where the lives and physical safety of informants will hinge on the actions or inactions of those members of the NYPD.

24.        Such situations present members of the NYPD with difficult choices of the sort that training or supervision would make less difficult, and where the wrong

choice by the NYPD members will frequently cause the deprivation of the informant's constitutional rights.

25.     Upon information and belief, the NYPD failed to provide proper training and instruction to Hall, Ruggiero and the Does in one or more of the following areas:

(a)     obtaining and acting upon information provided by confidential or would be confidential informants;

(b)     maintaining the confidentiality of the identity of confidential or would be confidential informants;

(c)     recognizing when the confidentiality of the identity of confidential or would be confidential informants has been compromised; and

(d)     providing protection and safety for confidential informants or would be confidential informants whose confidentiality has been compromised.

26.     Had the proper training and instruction been provided to Hall, Ruggiero and the Does –

(a)     Hall would not have acted directly upon information given to him by plaintiff's decedent, rather, he would have reviewed such information with a superior officer and obtained a search warrant for the premises in question;

(b)     The NYPD would have ensured that plaintiff's decedent not be in the vicinity of the apartment at the time of the police action;

(c)     Upon encountering plaintiff's decedent exiting the subject apartment, Hall, Ruggiero and the Does would have aborted their action;

(d)     Upon encountering plaintiff's decedent exiting the subject apartment, Hall, Ruggiero and the Does would have treated plaintiff's decedent as a suspected criminal and caused his arrest;

(e)     Ruggiero would not have identified plaintiff's decedent as the source of the information relating to drugs and guns in the apartment;

(f)     Hall, Ruggiero and the Does would have recognized that their actions or inactions compromised the confidentiality, and thus the safety of plaintiff's decedent, and Hall, Ruggiero and the Does would have warned plaintiff's decedent that his confidentiality had been compromised, that he was in danger of criminal retribution, and they would have taken him into protective custody or provided him with adequate protection.

27.     The City, through its active promotion and use of informants created a danger to the life of plaintiff's decedent and was in a special relationship with plaintiff's decedent. The City's failure to provide proper and adequate training and instruction to its personnel, including Hall, Ruggiero and the Does was in reckless indifference to the danger to decedent's life that the City created and which arose because of the special relationship with plaintiff's decedent.

28.     The foregoing actions and inactions of the City deprived plaintiff's decedent of his constitutional rights under the Fifth and Fourteenth Amendments to the U.S. Constitution.

## Claim Two

29.     Hall, Ruggiero and the Does, through their actions and inactions, placed plaintiff's decedent's life in imminent and grave danger. Among other things –

(a)     Hall acted directly upon information given to him by plaintiff's decedent, rather than reviewing such information with a superior officer and obtaining a search warrant for the premises in question;

(b)     Hall failed to ensure that plaintiff's decedent not be in the vicinity of the apartment at the time of the police action;

(c)     Upon encountering plaintiff's decedent exiting the subject apartment, Hall, Ruggiero and the Does failed to abort their action;

(d)     Upon encountering plaintiff's decedent exiting the subject apartment, Hall, Ruggiero and the Does failed to treat plaintiff's decedent as a suspected criminal and cause his arrest;

(e)     Ruggiero identified plaintiff's decedent as the source of the information relating to drugs and guns in the apartment; and

(f)     Hall, Ruggiero and the Does failed to recognize, or simply ignored, that their actions or inactions compromised the confidentiality, and thus the safety of plaintiff's decedent.

30.     By virtue of having placed plaintiff's decedent's life in imminent danger, the failure of Hall, Ruggiero and the Does to warn plaintiff's decedent that his confidentiality had been compromised, to warn plaintiff's decedent that he was in

danger of criminal retribution, and their failure to take him into protective custody or provide him with adequate protection deprived him of his constitutional rights under the Fifth and Fourteenth Amendments to the U.S. Constitution.

### Claim Three

31.     By virtue of the complained of actions and inactions of the City and its employees, Hall, Ruggiero and the Does, all of whom were acting within the scope of their employment and in furtherance of the City's business, plaintiff is entitled to recover damages against the City on the theory of common law negligence for the pain, suffering and wrongful death of plaintiff's decedent.

### Claim Four

32.     By virtue of the complained of actions and inactions of the City and its employees, Hall, Ruggiero and the Does, all of whom were acting within the scope of their employment and in furtherance of the City's business, plaintiff is entitled to recover damages against the City, Hall, Ruggiero and the Does for the violation of plaintiff's decedent's substantive due process rights under the constitution of the State of New York for the pain, suffering and wrongful death of plaintiff's decedent.

### Claim Five

33.     By virtue of the complained of actions and inactions of the City, plaintiff is entitled to recover damages against the City on the theory of negligence in the training and supervision of Hall, Ruggiero and the Does for the pain, suffering and wrongful death of plaintiff's decedent.

WHEREFORE, plaintiff requests the following relief:

a)     a judgment against the defendants, awarding economic,

compensatory and punitive damages in an amount to be determined at trial by a jury;

b)     a statutory award of attorney's fees, costs and disbursements;

c)     such other and further relief as this Court may deem just, meet

and proper under the circumstances.

Dated: New York, New York
      April 28, 2004

MICHAEL G. O'NEILL,
(MO3957)

Attorney for Plaintiff
30 Vesey Street, Third Floor
New York, New York 10007
(212) 581-0990

## JURY DEMAND

Plaintiff demands trial by jury in this action.

Dated: New York, New York
      April 28, 2004

MICHAEL G. O'NEILL
(MO3957)

Attorney for Plaintiff
30 Vesey Street, Third Floor
New York, New York 10007
(212) 581-0990