```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X

TOWANDA VELEZ, as personal
representative of the estate of Anthony
Velez, deceased,

                Plaintiff,              ORDER

        - against -                     CV 2004-1775 (ENV)(MDG)

CITY OF NEW YORK, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - -X
```

GO, United States Magistrate Judge:

Plaintiff Towanda Velez ("plaintiff"), on behalf of the decedent Anthony Velez (the "decedent" or "Velez"), brings this action pursuant to 42 U.S.C. § 1983 against defendants the City of New York (the "City") and New York City Police Department ("NYPD") officers Rudolph Hall, Michael Ruggiero and other unnamed officers alleging deprivations of the decedent's civil rights.  Plaintiff moves to compel discovery of information relating to the NYPD's policies and practices that she sought in her Second Demand for Discovery and Inspection.  See ct. doc. 16. Opposing on grounds of relevance and privilege, the City cross-moves for a protective order to prevent discovery of the NYPD's file concerning its open investigation into the homicide of the decedent and related documents.  See ct. doc. 14.  The City has submitted, at the Court's request, some of the documents it seeks to withhold from plaintiff for in camera review.

## BACKGROUND

Plaintiff alleges that the decedent was a confidential informant ("CI") of the NYPD who provided information to defendant Hall regarding drugs and/or weapons located at 24 Stone Avenue, Apartment 5C in Brooklyn, New York (the "apartment"). When Officer Hall and other NYPD officers went to that address, they encountered the decedent exiting the apartment. After detaining him while they obtained consent and searched the apartment, they permitted the decedent to leave. Plaintiff further alleges that during the search of the apartment, Officer Ruggiero told the occupants of the apartment that the decedent was the source of the information that prompted the search. Approximately one and one half hours later, the decedent was shot and killed, which plaintiff alleges was in retaliation for providing the tip.

The NYPD conducted an investigation into the decedent's homicide and an internal investigation into whether the homicide was related to the NYPD's treatment of the decedent as an informant. Plaintiff alleges that Velez's death was a result of the NYPD's failure to provide Officers Hall and Ruggiero with proper training and instruction on the treatment of information obtained from a CI and protecting the safety of a CI.

**DISCUSSION**

<u>Plaintiff's Motion to Compel</u>

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits parties to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense" and, upon a showing of "good cause," a "court may order discovery of any matter relevant to the subject matter involved in the action."  Fed. R. Civ. P. 26(b)(1).  Information is relevant and discoverable so long as the discovery "appears reasonably calculated to lead to the discovery of admissible evidence."  <u>Id.</u>  When broader discovery is sought, the Court should determine the scope "according to the reasonable needs of the action, ... depending on the circumstances of the case, the nature of the claims and defenses, and the scope of the discovery requested."  Fed. R. Civ. P. 26(b)(1) Advisory Committee Notes to 2000 Amendments.  Objections to a request on the basis of relevance or overbreadth are not a basis to preclude discovery altogether.  <u>See</u> <u>Martinez v. Robinson</u>, No. 99 CIV. 11911, 2002 WL 424680, at *2 (S.D.N.Y. Mar. 19, 2002)

<u>Document Demand Nos. 1, 2, 3, 4 and 13</u>

Since the City has agreed to produce documents responsive to Demand Numbers 1, 2, 3, 4 and 13, plaintiff's motion to compel is moot with respect to those demands.  <u>See</u> Def.'s Mem. in Opp. at 3 (ct. doc. 19).

Document Demand Nos. 5 and 6

Plaintiff seeks documents concerning the training and instruction provided to NYPD officers and specifically, the training given to defendants Hall and Ruggiero, for handling confidential informants, including procedures and practices for protecting the confidentiality and safety of the informants and for conducting searches, arrests and "similar police action" when confidential informants are present.  See Declaration of Michael G. O'Neill dated December 8, 2006 ("12/8/06 O'Neill Decl."), Exh. B. at 4 (ct. doc. 16-2).  The City argues that the request is overbroad and should be limited to those procedures and policies regarding the safety and confidentiality of confidential informants that were in effect at the time of the incident and "to the factual scenario presented here."  I agree that the relevant documents should be limited in time to those that were in effect at the time of the incident.  However, the documents produced should include procedures and policies regarding the safety and confidentiality of confidential informants generally, including police operations conducted in the presence of informants.  Moreover, the City should also produce documents concerning the training and instruction actually provided to defendants Hall and Ruggiero as requested in Demand Number 6.

Document Demand Nos. 7-11

Plaintiff seeks documents concerning the City's experience

with violence against confidential informants whose identities were compromised. 12/8/06 O'Neill Decl., Exh. B at 4-5. The City argues that these requests are overbroad because they refer to "confidential informants whose identities have been compromised" rather than to cases where NYPD officers affirmatively disclosed an informant's identity, as alleged here. The City takes too restrictive a view of plaintiff's claims which encompass the failure of the defendant officers to take the measures necessary to protect Velez's identity and the City's failure to provide proper training and instruction in acting on information provided by confidential informants or recognizing when the confidentiality of informants has been compromised. Therefore, plaintiff is entitled to documents regarding CI's whose identities have been compromised whether or not their identities were affirmatively disclosed by NYPD officers.

<u>Document Demand No. 12</u>

Plaintiff requests documents reflecting the City's consideration of a policy regarding the protection of confidential informants. 12/8/06 O'Neill Decl., Exh. B at 6. In response, the City claims that the request is overbroad as to time and seeks documents that are protected by the deliberative process privilege. Def's Mem. in Opp. at 6-7. Plaintiff's counsel has agreed to withdraw this request without prejudice so that he may reformulate it to satisfy the City's concerns.

The City is advised that should future disputes arise over the reformulated request, it may not invoke the deliberative process privilege unless it submits a privilege log which specifically describes each of the documents it claims are privileged and properly asserts the privilege by the head of a governmental agency or a designated subordinate.  See Turkmen v. Ashcroft, No. 02-CV-2307, 2004 U.S. Dist. LEXIS 14537, at *11 (E.D.N.Y. July 29, 2007); Local Civil Rule 26.2.

Document Demand No. 14

Plaintiff seeks drafts and versions of the NYPD's "Narcotics Enforcement Initiative Guidebook" ("NEI Guidebook").  12/08/06 O'Neill Aff., Exh. B at 6.  Again, the City claims that the request is overbroad and the documents are protected by the deliberative process privilege.  The City represents that it will produce those provisions of the NEI Guidebook in effect at the time of the incident that relate to the safety and protection of confidential informants.  As a result, plaintiff's counsel has withdrawn this request without prejudice.

The City's Motion for a Protective Order

The documents subject to the City's motion for a protective order have been submitted for in camera review.

Documents P000372-74

These documents were contained in the Internal Affairs Bureau's file pertaining to its investigation into defendants Hall's and Ruggiero's use of Velez as a confidential informant.

The City claims that documents P000372-74 are protected by the deliberative process privilege because they contain pre-decisional analysis and recommendations made by a supervisor to the Internal Affairs investigator assigned to the case.

    The deliberative process privilege protects "documents reflecting advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated." <u>Tique v. U.S. Dep't of Justice</u>, 312 F.3d 70, 76 (2d Cir. 2002); <u>Grand Cent. P'ship, Inc. v. Cuomo</u>, 166 F.3d 473, 482 (2d Cir. 1999). To qualify for protection under the deliberative process privilege, a document must be both "predecisional" and "deliberative." <u>Tique</u>, 312 F.3d at 76; <u>Grand Cent.</u>, 166 F.3d at 482. A document is deliberative when it is "actually . . . related to the process by which policies are formulated." <u>Grand Cent.</u>, 166 F.3d at 482; <u>Hopkins v. U.S. Dep't of Hous. & Urban Dev.</u>, 929 F.2d 81, 84 (2d Cir. 1991). A document is predecisional "when it is prepared in order to assist an agency decisionmaker in arriving at his decision." <u>Tique</u>, 312 F.3d at 80; <u>Grand Cent.</u>, 166 F.3d at 482. The document must have been created to assist the agency in the formulation of a specific decision on policy rather than "part of a routine and ongoing process of agency self-evaluation." <u>Tique</u>, 312 F.3d at 80 (quoting <u>Maricopa Audubon Soc'y v. U.S. Forest Serv.</u>, 108 F.3d 1089, 1094 (9th Cir. 1997)); <u>see also</u> <u>Grand Cent.</u>, 166 F.3d at 482 (courts require a showing that "pinpoint[s] the specific

agency decision to which the document correlates"). By contrast, measuring compliance with existing procedures is not predecisional, and thus is not privileged. See Turkmen, 2004 U.S. Dist. LEXIS 14537, at *8 (E.D.N.Y. July 29, 2004); Powell v. New York City Health & Hosps. Corp., No. 03 Civ. 3264, 2003 WL 22871908, at *1 (S.D.N.Y. Dec. 4, 2003); Tortorici v. Goord, 216 F.R.D. 256, 258 (S.D.N.Y. 2003); Nat'l Congress for Puerto Rican Rights v. City of New York, 194 F.R.D. 88, 97 (S.D.N.Y. 2000).

These documents do not contain discussions underlying policy oriented judgments that the deliberative process privilege is designed to protect. See Tigue, 312 F.3d at 80; Hopkins, 929 F.2d at 84; Mitchell v. Fishbein, 227 F.R.D. 239, 250-51 (S.D.N.Y. 2005) (privilege only extends to "communications designed to directly contribute to formulation of important public policy"). The "final decision" the City refers to is whether disciplinary action was warranted against the defendant officers based on their failure to follow the applicable procedures. These recommendations concerning disciplinary review of a discrete incident do not involve the policy formulations protected under the deliberative process privilege. Turkmen, 2004 U.S. Dist. LEXIS 14537, at *12-*16; Mitchell, 227 F.R.D. at 250-51 (decision whether to recertify attorney was "routine" and cannot qualify for the deliberative process privilege); Scott v. Bd. of Educ. of City of East Orange, 219 F.R.D. 333, 337 (D.N.J. 2004) (termination of employee was routine operating decision not

shielded by privilege). Many courts have held that the deliberative process privilege does not preclude the disclosure of documents concerning internal affairs investigations in civil rights suits against law enforcement agencies. See Turkmen, 2004 U.S. Dist. LEXIS 14537, at *13-*16; Nat'l Cong., 194 F.R.D. at 95; Morrissey v. City of N.Y., 171 F.R.D. 85, 89 (S.D.N.Y. 1997). "The Privilege is properly limited to communications relating to policy formulation at the higher levels of government; it does not operate indiscriminately to shield all decision-making by public officials." Scott, 219 F.R.D. at 337; see Grand Cent., 166 F.3d at 482; Mitchell, 227 F.R.D. at 250.

   The City also claims that P000374 is protected by the attorney work product doctrine as it discloses advice regarding possible disciplinary action provided by the NYPD Advocate's Office to the Internal Affairs Bureau in preparation for litigation. Def.'s Mem. in Opp. at 12. The NYPD Advocate's Office investigates misconduct charges against police officers and, if necessary, brings departmental charges at an internal police department trial. See McAllister v. New York City, No. 97 Civ. 7420, 2000 U.S. Dist. LEXIS 11871, at *2 (S.D.N.Y. Aug. 17, 2000).

   Federal Rule of Civil Procedure 26(b)(3) embodies the federal work product doctrine which provides qualified protection to "documents and tangible things... prepared in anticipation of litigation or for trial" from discovery. Fed. R. Civ. P.

26(b)(3); United States v. Constr. Prods. Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996); Bogan v. Northwestern Mut. Life Ins. Co., 163 F.R.D. 460, 462 (S.D.N.Y. 1995); Stryker Corp. v. Intermedics Orthopedics, Inc., 145 F.R.D. 298, 301 (E.D.N.Y. 1992); see Hickman v. Taylor, 329 U.S. 495, 511 (1947). Documents prepared in anticipation of litigation are those that, "in light of the nature of the document and the factual situation in the particular case . . . can fairly be said to have been prepared or obtained because of the prospect of litigation." United States v. Adlman, 134 F.3d 1194, 1202 (2d Cir. 1998). The burden of establishing the applicability of the attorney work product doctrine rests with the party asserting it. See Constr. Prods., 73 F.3d at 473.

Upon reviewing the document in camera, I find that only the last sentence discloses advice given by the NYPD Advocate's Office. Since it is undisputed that the advice was provided in anticipation of litigation, the City may redact the last sentence of the document. See McAllister, 2000 WL 1161082, at *1 (upholding attorney work product claim for documents created by Department Advocate's Office).

Documents P000312-29 and P000363-67

These documents consist of personnel profiles of defendants Ruggiero and Hall. The documents contain personal information, including their home addresses and medical histories, and employment information, including summaries of the arrests made

while employed as police officers, commendations received, summaries of their performance evaluations from 2000 to 2002 and information concerning each officer's firearm.  The City argues that the documents are not relevant and are protected by the official information privilege.  Plaintiff argues that she is entitled to the personnel files to the extent that they do not contain sensitive personal information regarding the officers.

Although sensitive personal information contained in the personnel files such as the officers' home address, religion and medical histories is not relevant to plaintiff's claims, information regarding arrests, citations and performance evaluations is reasonably calculated to lead to the discovery of admissible evidence.  Since plaintiff alleges that the defendant officers were inadequately trained and supervised, information pertaining to their job performance is relevant.  See Harper v. Port Auth. of New York & New Jersey, No. 05 Civ. 5534, 2006 WL 1910604, at *3 (S.D.N.Y. July 10, 2006); Martinez, 2002 WL 424680, at *4-*5; Morrissey, 171 F.R.D. at 88.

The City further claims that the documents are protected by the official information privilege.  The official information privilege is a qualified privilege that applies to the disclosure of police personnel files to protect against "fishing expeditions."  See Collens v. City of N.Y., 222 F.R.D. 249, 253 (S.D.N.Y. 2004); Morrissey, 171 F.R.D. at 92.  The court must balance the "plaintiff's interests in disclosure against the

state's legitimate concern of protecting the confidentiality of the officers' personnel files from unnecessary intrusions." Nat'l Cong., 194 F.R.D. at 95 (quoting Mercado v. Division of New York State Police, 989 F. Supp. 521, 523 n.1 (S.D.N.Y. 1998)).

The factors disfavoring disclosure are the threat to the safety of police officers, the invasion of the privacy of police officers, the weakening of law enforcement programs or procedures, the chilling of police investigative candor, the chilling of citizen complainant candor and state privacy law. The factors favoring disclosure are the relevance of the material to the plaintiff's case, the importance of the material to plaintiff's case, the strength of plaintiff's case and the importance to the public interest in releasing the information. See Nat'l Cong., 194 F.R.D. at 95-96; Morrissey, 171 F.R.D. at 92; King v. Conde, 121 F.R.D. 180, 190-96 (E.D.N.Y. 1988).

Here, plaintiff's need for the documents outweighs the officers' safety and privacy interests which can be adequately protected under the protective order issued in this case and redaction of any sensitive personal information. The unavailability of the information requested from another source is also an important factor. See Nat'l Cong., 194 F.R.D. at 96. Moreover, the public has a strong public interest in uncovering civil rights violations. See id. at 96-97. In contrast, the City has not demonstrated how disclosure of the information poses a threat to the officers' safety or implicates any of the other

factors disfavoring disclosure.

Therefore, the City must disclose the documents regarding performance, evaluations and training but may redact the sensitive personal information discussed above.

<u>Documents P000330-62</u>

With the exception of documents P000344 through P000346, these documents contain information regarding unrelated complaints made to the Internal Affairs Bureau against defendants Ruggiero and Hall.  None of the complaints involve the misuse of a confidential informant or the disclosure of confidential information.

A complaint against a police officer is only relevant and discoverable upon a showing that it is similar to the misconduct alleged in the action.  <u>See</u> <u>Pacheo v. City of New York</u>, 234 F.R.D. 53, 54 (E.D.N.Y. 2006); <u>Thompson v. City of New York</u>, No. 05 Civ. 3082, 2006 WL 298702, at *3 (S.D.N.Y. Feb. 7, 2006); <u>Melendez v. Greiner</u>, No. 01 Civ. 7888, 2003 WL 22434101, at *3 (S.D.N.Y. Oct. 23, 2003); <u>Reyes ex rel. Reyes v. City of N.Y.</u>, No. 00 Civ. 2300, 2000 WL 1528239, at *1 (S.D.N.Y. Oct. 16, 2000).  Here, none of the complaints described in these documents, with the exception of the documents noted above, bear any relation to the allegations at issue in this litigation or the officers' propensity to tell the truth.  Therefore, only documents P000344 through P000346 need be produced.

<u>Documents P000306-11, P000368-71 and the NYPD's File for the Open Investigation into Velez's Homicide</u>

Plaintiff originally sought all documents concerning the open homicide investigation into the death of Velez. In addition to the documents contained in the NYPD's investigative file concerning Velez's homicide, the City opposed producing documents P000306-11 and P000368-71 which are contained in the Internal Affairs Bureau file but discuss the open homicide investigation. The parties have reached an agreement to limit the production of documents to those relating to Velez's dying declaration and the disclosure of Velez's identity as an informant.

## **CONCLUSION**

For the foregoing reasons, the plaintiff's motion to compel and the defendants' motion for a protective order are granted in part and denied in part as set forth above.

**SO ORDERED.**

Dated:  Brooklyn, New York
        June 2, 2010

                                      /s/
                                MARILYN D. GO
                                UNITED STATES MAGISTRATE JUDGE